**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**UNITED STATES OF AMERICA**

vs.  3:06cr91/RV
 3:07cv457/RV/MD

**TINA MARIE TRUJILLO**

## REPORT AND RECOMMENDATION

This matter is before the court upon a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 and supporting memorandum of law (doc. 66 & 68). The government has filed a response (doc. 72) and the defendant has filed a reply (doc. 74). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After a careful review of the record and the arguments presented, it is the opinion of the undersigned that defendant has not raised any issue requiring an evidentiary hearing, Rules Governing Section 2255 Cases 8(a) and (b), and that the motion should be denied.

### I. BACKGROUND

Defendant and co-defendants Robert Ellison and Dianna Denise Heggins were charged in a single count indictment with conspiracy to possess with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(b)(1)(A)(viii) and 846. (Doc. 1).

Represented by appointed counsel Elizabeth Amond, defendant pleaded guilty pursuant to a written plea and cooperation agreement. (Doc. 44). The PSR established defendant's base offense level at 34 based on the quantity of pure methamphetamine attributed to her. Her total offense level was 31 after a three level adjustment for acceptance of responsibility. Her criminal history category was II based on a prior conviction for forgery for which she was still serving a term of probation. (PSR ¶ 45). The applicable advisory guidelines range was 121 to 151 months imprisonment. Defendant filed no objections to the PSR. (PSR ¶ 97). She was sentenced to a term of 121 months imprisonment, at the low end of the guidelines ranges. (Doc. 71 at 10). She did not appeal.

In the present motion, defendant raises four grounds for relief. She contends that her Sixth Amendment rights were violated during the detention hearing, that the indictment overstated the offense conduct, that her criminal history was improperly calculated and that counsel was constitutionally ineffective. The government contends that defendant's first three claims are procedurally barred and that her fourth claim is without merit.

## II. LEGAL ANALYSIS

### A. Collateral Relief, generally

The grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited. A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law or (4) is otherwise subject to collateral attack. 28 U.S.C. § 2255; *Thomas v. Crosby,* 371 F.3d 782, 811 (11th Cir. 2004); *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999). "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365

F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). "[A] non-constitutional error that may justify reversal on direct appeal does not generally support a collateral attack on a final judgment, unless the error (1) could not have been raised on direct appeal and (2) would, if condoned, result in a complete miscarriage of justice." *Lynn*, 365 F.3d at 1232-33 (citations omitted); *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962) (error of law does not provide basis for collateral attack unless claimed error constituted a "fundamental defect which inherently results in a complete miscarriage of justice."). The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496, 106 S. Ct. 2678, 2649, 91 L. Ed. 2d 397 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent. . . ."

Because a motion to vacate under section 2255 is not a substitute for direct appeal, issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred. *See Bousley v. United States,* 118 S.Ct. 1604, 1610 (1998); *United States v. Montano,* 398 F.3d 1276 (11th Cir. 2004); *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994)(recognizing that a ground is "available" on direct appeal when "its merits can be reviewed without further factual development"), *cert. denied*, 514 U.S. 1112, 115 S.Ct. 1966, 131 L.Ed.2d 856 (1995); *United States v. Frady*, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error or that he is "actually innocent." *Bousley,* 118 S.Ct. at 1611 (citations omitted); *United States v. Montano,* 398 F.3d 1276 (11th Cir. 2004). In the alternative, a defendant can overcome the procedural bar created by the failure to appeal if he could show a fundamental miscarriage of justice. *Montano*, 398 F.3d at 1280 (citing *Mills*, 36 F.3d at 1055 (quoting *Murray v. Carrier*, 477 U.S. 478, 496, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986))).

In this case, the first three issues raised by the defendant could have been raised on appeal and are therefore procedurally barred. For the sake of completeness, the court will consider the merits of each claim to show that there was no fundamental miscarriage of justice.

Although section 2255 mandates that the court conduct an evidentiary hearing "unless the motion and files and records conclusively show that the prisoner is entitled to no relief," a defendant must support his allegations with at least a proffer of some credible supporting evidence. *See Chandler v. McDonough,* 471 F.3d 1360 (11th Cir. 2006) (citing *Drew v. Dept. of Corrections,* 297 F.3d 1278, 1293 (11th Cir. 2002) (referring to "our clear precedent establishing that such allegations are not enough to warrant an evidentiary hearing in the absence of any specific factual proffer or evidentiary support"); *Hill v. Moore,* 175 F.3d 915, 922 (11th Cir. 1999) ("To be entitled to an evidentiary hearing on this matter [an ineffective assistance of counsel claim], petitioner must proffer evidence that, if true, would entitle him to relief."); *Ferguson v. United States*, 699 F.2d 1071, 1072 (11th Cir. 1983). A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record. *Peoples v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Holmes v. United States,* 876 F.2d 1545, 1553 (11th Cir. 1989) (citations omitted). Likewise, affidavits that amount to nothing more than conclusory allegations do not warrant a hearing. *Lynn,* 365 F.3d at 1239. No evidentiary hearing is warranted in this case.

    B. <u>Defendant's specific grounds for relief</u>

Ground 1: <u>Sixth Amendment violation with respect to detention hearing</u>

Defendant's first ground for relief appears to be that her Sixth Amendment rights were violated because the undersigned magistrate judge expressed an opinion as to the strength of the case against her at her detention hearing, thus disregarding the constitutional presumption of innocence. The court's findings concerning the strength of the government's case against her, the fact that she was a danger to the community in light of her travel to Florida to buy drugs while out on

bond on a drug case in another state, and the fact that there were no conditions that could reasonably assure defendant's appearance in court did not in any way overshadow the presumption of innocence guaranteed to the defendant under the Constitution. Indeed, 18 U.S.C. § 3142(f) *requires* the magistrate judge to consider the weight of the evidence against the defendant. Moreover, no such findings are made known to the jury, so the presumption of innocence at trial is unaltered. In defendant's reply memorandum she complains that she did not have sufficient time to talk to her attorney prior to the detention proceedings. She does not explain what evidence she could have presented to rebut the statutory presumption under 18 U.S.C. § 312(f)(1)(C) that she be detained, and as such has not shown she is entitled to relief, even were she entitled to avoid the procedural bar.

**Ground 2:** <u>Quantity of Drugs Charged in the Indictment</u>

Defendant next contends that the drug quantity set forth in the indictment was incorrect. Count One of the indictment charges that 50 grams or more of methamphetamine were involved in the offense conduct. Defendant claims that the government's own evidence showed that she had purchased one ounce (28.35 grams) of methamphetamine for personal use only. The essence of defendant's claim is contradicted by the facts admitted by the defendant under oath during both her plea colloquy and at sentencing, and by statements reflected in the PSR.

Although at the time of her arrest she was in the process of purchasing only a single ounce of methamphetamine, defendant admitted to the probation officer that she had made multiple purchases from co-defendant Ellison prior to her arrest, and that she had sold methamphetamine to co-defendant Heggins on two occasions. (PSR ¶¶ 17 - 19). The PSR reflects that this information was corroborated by her co-defendants, and, as noted above, defendant made no objections to the PSR. Failure to object to facts contained within PSR constitutes an admission of those facts. *United States v. Gibson*, 434 F.3d 1234, 1251 (11th Cir. 2006); *United States v. Shelton*, 400 F.3d 1325, 1330 (11th Cir. 2005) (citing *United States v. Walters*, 269 F.3d 1207,

1213 (10th Cir. 2001); *United States v. Joshua*, 40 F.3d 948, 952 (8th Cir. 1994)); See also *United States v. Deninno*, 29 F.3d 572, 580 (10th Cir. 1994) (failure to object to facts in presentence report constitutes admission of those facts ); *United States v. Tolson*, 935 F. Supp. 17, 23 (D.D.C. 1996); *United States v. Trott*, 779 F.2d 912, 914 (3rd Cir. 1985) (information in a presentence report may be relied upon to find a factual basis for a guilty plea under Fed.R.Crim.P. 11).

Additionally, at the rearraignment, defendant admitted under oath to having possessed, distributed or possessed with intent to distribute 50 grams or more of methamphetamine as part of the charged conspiracy. (Doc. 70 at 17-18). At sentencing, defendant also conceded in open court that she had purchased four and one half ounces of methamphetamine, a quantity well in excess of the 50 grams charged in the indictment. The court found by a preponderance of the evidence that the conspiracy involved more than 150 grams. (Doc. 71 at 3-6).

Thus, there is no legal basis for her assertion that the indictment was deficient because it overstated the quantity of drugs properly attributable to her.[1]

**Ground 3:** <u>Criminal History Calculation</u>

Defendant contends that her criminal history was improperly calculated, because she should not have been assessed points for a prior offense for which she received a sentence of six months probation and no jail time. This claim is also procedurally barred and without merit.

Defendant had a single 2006 misdemeanor conviction for forgery. One point was assessed for this conviction under § 4A1.1(c). (PSR ¶ 42). Contrary to defendant's suggestion, misdemeanors and petty offenses are generally considered in calculating defendant's criminal history category score. The only exceptions are for offenses listed in § 4A1.2(c)(1) and (2). Forgery is not among the listed offenses;

---

[1] In fact, the court noted at sentencing that she was being held accountable for a very modest amount in light of the quantity attributed to her source of supply, co-defendant Ellison. (Doc. 71 at 6).

therefore it was properly scored.[2] Furthermore, two additional criminal history points were added pursuant to § 4A1.1(d) because the defendant was still serving her probationary sentence for the forgery offense when she engaged in the offense conduct in this case.

Defendant also contends that her criminal history over-represented the seriousness of her criminal history. She suggests that because of this, the court should have departed down from the recommended guidelines range. The government failed to address this issue in its response. However, the court finds this claim also to be without merit.

Section 4A1.3(b)(1) of the Sentencing Guidelines provides that:

> if reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted.

Commentary note three provides that

> A downward departure from the defendant's criminal history category may be warranted if, for example, the defendant had two minor misdemeanor convictions close to ten years prior to the instant offense and no other evidence of prior criminal behavior in the intervening period.

U.S.S.G. § 4A1.3, comment. (n.3); see *United States v. Alas*, 2008 WL 1776567 (11th Cir. 2008). Although defendant's prior conviction was arguably "minor," the fact that she committed the instant offense while on probation for the previous offense, rather than at a point remote in time, takes her outside the realm of the guidelines commentary. And, while her criminal conduct appeared to have been fueled by her methamphetamine addiction, because of the close proximity of multiple episodes of criminal conduct, or charged criminal conduct, this was not a situation where the

---

[2]Guideline Amendment 12, cited by the defendant, would have no effect on her criminal history score even if it were applicable in her case. This Amendment does not effect the classification of forgery as a countable offense. Rather, it modifies § 4A1.2(c)(1) by moving fish and game violations and local ordinance violations to the list of excluded offenses under 4A1.2(c)(2).

*Case No: 3:06cr91/RV; 3:07cv457/RV/MD*

court could say with confidence that there was little likelihood that the defendant would commit other crimes.  See *United States v. Smith*, 289 F.3d 696, 710 (11th Cir. 2002).  Thus, the court's failure to depart was not error.

### 4.  Ineffective assistance of counsel

Defendant's final ground for relief is that counsel was constitutionally ineffective.  Ineffective assistance of counsel claims are generally not cognizable on direct appeal and are properly raised by a § 2255 motion regardless of whether they could have been brought on direct appeal.  *Massaro v. United States,* 538 U.S. 500, 503, 123 S.Ct. 1690, 1693, 155 L.Ed.2d 714 (2003); *see also United States v. Bender*, 290 F.3d 1279, 1284 (11th Cir. 2002); *United States v. Jiminez*, 983 F.2d 1020, 1022, n. 1 (11th Cir. 1993).  To show a violation of his constitutional right to counsel, defendant must demonstrate both that counsel's performance was below an objective and reasonable professional norm and that he was prejudiced by this inadequacy.  *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2064, 80 L.Ed.2d (1984); *Williams v. Taylor*, 529 U.S. 362, 390, 120 S.Ct. 1495, 1511, 146 L.Ed.2d 389 (2000); *Gaskin v. Secretary, Dept. of Corrections,*  494 F.3d 997, 1002 (11th Cir. 2007).  "*Strickland's* two-part test also applies where a prisoner contends ineffective assistance led him or her to enter an improvident guilty plea," although that is not the claim defendant raises in this case.  *Yordan v. Dugger,* 909 F.2d 474, 477 (11th Cir. 1990) (citing  *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985)).  In applying *Strickland*, the court may dispose of an ineffective assistance claim if defendant fails to carry his burden on either of the two prongs.  466 U.S. at 697, 104 S.Ct. at 2069.

To show counsel's performance was unreasonable, a defendant must establish that "no competent counsel would have taken the action that his counsel did take."  *Gordon v. United States,* 496 F.3d 1270, 1281 (11th Cir. 2007); *United State v. Freixas*, 332 F.3d 1314, 1319-1320 (11th Cir. 2003); (quoting *Brownlee v. Haley*, 306 F.3d 1043, 1059 (11th Cir. 2002)(quoting *Strickland*, 466 U.S. at 687, 689-90, 104 S.Ct.

at 2064-66 and *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc)). With regard to the prejudice requirement, defendant must establish that, but for counsel's deficient performance, the outcome of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068.

To establish ineffective assistance, a defendant must provide factual support for her contentions regarding counsel's performance. *Smith v. White*, 815 F.2d 1401, 1406-07 (11th Cir.), *cert. denied*, 484 U.S. 863, 108 S.Ct. 181, 98 L.Ed.2d 133 (1987). Bare, conclusory allegations of ineffective assistance are insufficient to satisfy the *Strickland* test. *Wilson v. United States,* 962 F.2d 996, 998 (11th Cir. 1992); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Stano v. Dugger*, 901 F.2d 898, 899 (11th Cir. 1990) (citing *Blackledge*, 431 U.S. at 74, 97 S.Ct. at 1629); *United States v. Ross*, 147 Fed.Appx. 936, 939 (11th Cir. 2005).

It is also well-established that counsel is not ineffective for failing to preserve or argue a meritless claim*. See Brownlee v. Haley,* 306 F.3d 1043, 1066 (11th Cir. 2002) (counsel was not ineffective for failing to raise issues clearly lacking in merit); *Meeks v. Moore*, 216 F.3d 951, 961 (11th Cir. 2000) (counsel not ineffective for failing to make meritless motion for change of venue); *Jackson v. Herring*, 42 F.3d 1350, 1359 (11th Cir. 1995) (counsel need not pursue constitutional claims which he reasonably believes to be of questionable merit); *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992) (no ineffective assistance of counsel for failing to preserve or argue meritless issue).

Finally, the Eleventh Circuit has recognized that given the principles and presumptions set forth above, "the cases in which habeas petitioners can properly prevail . . . are few and far between." *Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000). This is because the test is not what the best lawyers would have done or even what most good lawyers would have done, but rather whether some reasonable lawyer could have acted in the circumstances as defense counsel acted. *Dingle,* 480 F.3d at 1099; *Williamson v. Moore*, 221 F.3d 1177, 1180 (11th Cir. 2000). "Even if counsel's decision appears to have been unwise in retrospect, the decision

will be held to have been ineffective assistance only if it was 'so patently unreasonable that no competent attorney would have chosen it.'" *Dingle*, 480 F.3d at 1099 (quoting *Adams v. Wainwright*, 709 F.2d 1443, 1445 (11th Cir. 1983)).

In this case, defendant Trujillo contends generally that counsel failed to adequately research her case, and failed to respond to the concerns she expressed in letters and phone calls. She does not explain the nature of the concerns she allegedly expressed, or how counsel's inattention to her concerns affected the outcome of her case. Those conclusory allegations do not entitle her to relief. Defendant's only specific claim concerns the application of the "safety valve," § 5C1.2, to her case.

Section 5C1.2 of the Sentencing Guidelines, which implements 18 U.S.C. § 3553(f) and is commonly known as the "safety valve" provision, permits courts to disregard the applicability of statutory mandatory minimum sentences in cases in which certain criteria are met. *See United States v. Milkintas,* 470 F.3d 1339, 1344 (11th Cir. 2006); *United States v. Simpson*, 228 F.2d 1294, 1304 (11th Cir. 2000) (applying 18 U.S.C. § 3553(f)); *United States v. Brownlee,* 204 F.3d 1302 (11th Cir. 2000); *United States v. Bravo,* 203 F.3d 778, 781 (11th Cir. 2000). Section 2D1.1(b)(9) provides that defendants who meet the criteria of the safety valve provision shall have their offense level decreased by two levels. See *Milkintas,* 470 F.3d at 1344; *United States v. Camacho*, 261 F.3d 1071, 1073 (11th Cir. 2001); *United States v. Anderson*, 200 F.3d 1344, 1347 (11th Cir. 2000). Safety valve relief, when applicable, is mandatory. *United States v. Quirante*, 486 F.3d 1273, 1275 (11th Cir. 2007). The five criteria are:

> (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;
>
> (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

**(3) the offense did not result in death or serious bodily injury to any person;**

**(4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; and**

**(5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.**

§ 5C1.2 U.S.S.G.  Defendant was not eligible for the application of the safety valve because she had more than one criminal history category point. § 5C1.2(a)(1). Counsel explained this to the defendant during the course of her representation of her (doc. 72, att. A) and she was not ineffective for failing to pursue safety valve relief for her client.

Based on the foregoing, it is respectfully RECOMMENDED:
The motion to vacate, set aside, or correct sentence (doc. 66)  be DENIED.

At Pensacola, Florida, this 24th day of April, 2008.

/s/ *Miles Davis*
      **MILES DAVIS**
      **UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. <u>See</u> 28 U.S.C. § 636;** *United States v. Roberts***, 858 F.2d 698, 701 (11th Cir. 1988).**